[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12682
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00395-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD NATHANIEL PERAGINE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 8, 2018)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Leonard Peragine appeals his 340-month sentence for enticement of a child for sexual activity and possession and distribution of child pornography under 18 U.S.C. §§ 2422(b), 2252(a)(2), 2252(b)(1), 2252(a)(4)B), and 2252(b)(2).  On appeal, he argues that the district court committed both procedural and substantive errors.  He asserts that the district court's sentence was procedurally unreasonable because it applied the sentencing enhancements found in U.S.S.G. § 2G2.2 without regard to a report from the Sentencing Commission in 2013 that those enhancements are "outdated," and because it should have instead applied the Guidelines calculation for enticement of a child for sexual activity under § 2G1.3.  And he contends that the district court's sentence was substantively unreasonable because the sentence it imposed was greater than necessary to account for the factors listed in 18 U.S.C. § 3553(a).

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party who challenges a sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

**I**

We review for procedural reasonableness to ensure that the district court committed no significant procedural error, such as (1) improperly calculating the defendant's sentencing range, (2) treating the Guidelines as mandatory, (3) failing

2

to consider the 18 U.S.C. § 3553(a) factors, (4) selecting the sentenced based on clearly erroneous facts, or (5) failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51.  Procedural errors are harmless when the district court would have imposed the same sentence regardless of a particular Guidelines calculation, and when the ultimate sentence is reasonable.  *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

Here, the district court did not procedurally err.  Peragine does not contend the district court incorrectly calculated the Guidelines.  Nor does he argue that the court improperly treated the Guidelines as mandatory or committed a clear error of judgment.  Instead, he asserts that sentencing him under § 2G2.2—rather than § 2G1.3—unfairly "warp[ed] the assessment of [his] offense conduct."  For support, Peragine points to a report issued by the U.S. Sentencing Commission in 2013 that critiqued the enhancements available under § 2G2.2 as outdated in light of modern technology.  But this Court has squarely rejected similar arguments before, and has held on substantially similar facts that "the Commission's 2013 report does not render the non-production child pornography guidelines in § 2G2.2 invalid or illegitimate"—or, for that matter, "alter[] our appellate duties in reviewing a § 2G2.2-based sentence or the district court's sentencing duties or discretion in any way."  *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014).  Peragine's related contention that the district court was "authorized to

3

consider" the 2013 Report misses the point. The sole question here is whether the district court abused its discretion when it applied the enhancements available under § 2G2.2. This Court's precedent makes clear that it did not.

Nor does anything in this Court's precedent support Peragine's suggestion that, in the case of multiple counts which cannot be grouped together, a district court must determine which crime Congress intended to be the more serious and use the Guidelines calculation applicable to that offense. In basing the Guidelines calculation on the group of offenses that yielded the higher offense level, the district court here was following the explicit instructions of U.S.S.G. § 3D1.4.

Finally, even if Peragine were correct that the district court committed a procedural error in applying the Guidelines, the error would be harmless because the court expressly stated that it would have imposed the same sentence regardless of the Guidelines calculation:

> I made all these guideline rulings to the best of my ability. I believe that they are right. But in a case like this, at the end of the day, it's … ultimately deciding what's fair and just and consistent with the criteria under the [§] 3553 factors. And having gone through what the guidelines would be if I was wrong on all this … regardless of what my rulings were and whether they were wrong in the guidelines, this is the appropriate sentence in the case.

For all of these reasons, we reject Peragine's argument that the district court committed procedural error.

4

## II

For a sentence to be substantively reasonable, the district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

Although we do not formally presume that a sentence falling within the Guideline range is reasonable, we ordinarily "expect" such a sentence to be reasonable. *United States v. Hunt,* 526 F.3d 739, 746 (11th Cir. 2008). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc).* Moreover, a district court's unjustified reliance on any one § 3553(a) factor

5

may be indicative of an unreasonable sentence.  *United States v. Pugh,* 515 F.3d 1179, 1191 (11th Cir. 2008).

Here, the district court's sentence is not substantively unreasonable.  The court discussed the § 3553(a) factors at sentencing and gave detailed justifications for its sentence, which focused on the need to reflect the severity of the crime as well as the need to ensure that Peragine would not harm children in the future.  The court acknowledged that Peragine was a victim himself when he was a child, but reasonably balanced against this mitigation evidence the need for a sentence that properly reflected the seriousness of Peragine's crimes as well as the necessity to protect other victims.

Moreover, under our precedent, it is also significant that the sentence that the district court imposed was not just within the applicable Guidelines range of 360 months-to-life, *see Hunt*, 526 F.3d at 746, but *below* both the Guidelines range and the statutory maximum, which was life imprisonment, *see United States v. Holt*, 777 F.3d 1234, 1269 (11th Cir. 2015).

**AFFIRMED.**